IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:26-CR-74 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | |
| QUIANA THOMPSON, | ) | RESPONSE IN OPPOSITION TO |
| | ) | DEFENDANT'S MOTION TO MODIFY |
| Defendant. | ) | BOND |

Now comes the United States of America, by and through its counsel, David M. Toepfer, United States Attorney, Colleen Egan and Stephanie Wojtasik, Assistant United States Attorneys, and hereby respectfully submits this response in opposition to Defendant's motion to modify bond (R. 20: Second Motion to Modify Bond, PageID 52-53).

A grand jury indicted Thompson with possession with intent to distribute controlled substances, which is a charge that creates a rebuttable presumption of detention.  Specifically, Thompson is accused possessing controlled substances—methamphetamine, marijuana, suboxone and paper coated in MDMB-4en-PINACA—for the purpose of bringing them to the Cuyahoga Jail for distribution to inmates.  At the time of the offense, Thompson was working as a corrections officer in the Cuyahoga County Jail.

Given the nature of the charges and the presumption of detention, the government intended to move for detention but negotiated with defense counsel for both parties to agree to a bond, which would include home detention.  Thompson's home detention condition restricted her to her "residence at all times except for employment; education; religious services; medical, substance use, or mental health treatment; attorney visits; court appearances; court-ordered obligations; activities approved by the court; or essential activities approved in advance by the pretrial services

office or supervising officer." (R. 7: Order Setting Conditions of Release, PageID 16). Both parties agreed to these conditions. The Court, at the initial appearance, considered the pretrial services report and the recommendation of the government and agreement of counsel, and ultimately decided that home detention was the least-restrictive method of reasonably assuring Thompson's appearance and the safety of the community. (*Id*.).

At arraignment, Thompson again requested a modification of bond, based on her father's illness and the need to take him to appointments. (R. 15: First Motion to Modify Bond, PageID 34-35). The court permitted her home detention to be "modified at the discretion of the pretrial services officer." (Docket entry 2/24/26). The pretrial services officer then permitted Thompson to be placed on a curfew, per her request, rather than home detention. Thompson's father passed away three days later. Thompson's bond conditions have remained the less restrictive curfew rather than the home detention, despite that her need for the curfew—medical appointments—no longer exists.

Defendant now moves the Court to modify the conditions of her pretrial release for a second time by removing her G.P.S. condition or removing her curfew requirement. Thompson provides two reasons for her request. The first is that she has purportedly complied with her conditions to date and the second is that she would like to accept a second job. Both of these are insufficient reasons to warrant a change in her bond conditions. First, fully complying with her G.P.S. or curfew requirements is not something to be rewarded with less-restrictive conditions; it is the baseline of what the Court would expect of Thompson. Second, Thompson's home detention had clear allowances for employment, and her less restrictive curfew requirement would as well,

so her bond conditions do not impede her ability to accept additional employment.[1]  The only other reason Thompson provides for wanting removal of G.P.S. is to spend time with family and friends, however, that is not sufficient reason to revisit her bond conditions.  She provides no other reason for the Court to reconsider its decision that G.P.S. monitoring and a curfew, in lieu of incarceration, will reasonably assure Thompson's appearance and the community's safety.

The Court should therefore deny her motion.

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney

By:   /s/ Colleen Egan
Colleen Egan (OH: 0083961)
Stephanie Wojtasik (OH: 0097858)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622- 3758/3856
(216) 522-7499 (facsimile)
colleen.egan@usdoj.gov
stephanie.wojtasik@usdoj.gov

---

[1] Upon speaking with the pretrial services officer, Thompson had this second job previously and worked it one or two nights while on bond conditions.  Then, without first informing her officer, she left the job.  She later told her officer that it was too much to work both jobs.

3